[No. 37361-1-II. Division Two. July 21, 2009.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH EUGENE HOWE III, *Appellant*.

*John A. Hays*, for appellant.

*Arthur D. Curtis, Prosecuting Attorney*, and *Michael C. Kinnie, Deputy*, for respondent.

¶1  VAN DEREN, C.J. — Kenneth E. Howe III appeals his convictions for two counts of failure to register as a sex offender, arguing that substantial evidence does not support his conviction. He argues that the State failed to prove that his prior California convictions for lewd acts on a child and for failure to register as a sex offender were comparable to any Washington sex offense.[1] We hold that the California convictions are not comparable to Washington sex offenses; thus, the State failed to prove an element of the crime of failure to register as a sex offender in Washington. We reverse, vacate the convictions, and remand for dismissal.

## FACTS

¶2  The State charged Kenneth Howe with two counts of failing to register as a sex offender. Count 1 was based on Howe's 2002 California conviction for lewd acts on a child. Count 2 was predicated on the fact that he had committed the felony of failing to register as a sex offender in California in 2004.

¶3  Howe refused to stipulate that the elements of the California sex offenses were comparable to Washington sex

---

[1] Alternatively, Howe argues that the trial court violated his right to be free from double jeopardy when it twice entered judgment against him for the same offense. He also challenges the trial court's inclusion of a California conviction for failure to appear in his offender score. We do not address these claims because we reverse and vacate his convictions on other grounds.

offenses. The trial court conducted a comparability analysis of the California lewd acts and failure to register convictions. After reading the California statutes into the record and comparing them with similar Washington statutes, the trial court concluded the California offenses were legally comparable to Washington sex offenses. Neither the State nor the trial court addressed the facts underlying the convictions as the second part of the comparability analysis.

¶4 The jury instructions required the jury to find, as an element of the offense, that Howe either had "previously been convicted of a sex offense[2] to wit: 'Lewd Conduct with a Child, as charged in Count 1' or 'Failure to Register, as charged in Count 2.' "[3] Clerk's Papers (CP) at 29, 30. The instructions further provided that "Lewd Acts Upon a Child" and "Failure to Register" are sex offenses. CP at 32, 33.

¶5 The jury returned a guilty verdict on both counts. The trial court sentenced Howe to two 24-month, concurrent sentences.

## ANALYSIS

### I. COMPARABILITY OF CALIFORNIA OFFENSES

¶6 Howe argues that the State failed to prove every element of the crime charged. Br. of Appellant at 9. In particular, he contends that the State "failed to prove that the two California convictions underlying the failure to

---

[2] Although the jury instructions do not mention the California crimes, count 1 of the amended information (explicitly referenced in the instructions) declares that Howe had been convicted in California "of a sex offense that would be classified as a felony under the laws of Washington, to-wit: Lewd Acts Upon a Child." Clerk's Papers at 14. Count 2, predicated on the California failure to register conviction, contains language stating that the California failure to register conviction would be similarly classified as a Washington failure to register conviction, also a sex offense.

[3] During discussion of proposed jury instructions, the parties and the trial court briefly discussed the fact that a previous sex conviction was an element of the charged offenses. At the start of closing argument, the State declared that it had proved that Howe "has been or was convicted of a sex offense, two sex offenses, actually, in the state of California." Report of Proceedings at 386.

register charges were, in fact, sex offenses under Washington law." Br. of Appellant at 10. We agree.

¶7 When facing a challenge to the sufficiency of the evidence—here, characterized as the State's failure to prove an element of the crime charged—we ask whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the charged crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980). The State has the burden of proving every element of the crime charged beyond a reasonable doubt. *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983). The duty to register arises only after a conviction for a previous sex offense. *Oostra v. Holstine*, 86 Wn. App. 536, 544-45, 937 P.2d 195 (1997).

¶8 Under RCW 9A.44.130(1)(a),[4] any person convicted of a sex offense must register with the sheriff of the county in which he resides. The definition of "sex offense" includes "[a]ny federal or out-of-state conviction for an offense that under the laws of this state would be classified as a sex offense under this subsection." RCW 9A.44.130(10)(a)(iv).

¶9 To determine whether an out-of-state conviction qualifies as a "sex offense," a trial court compares the out-of-state statute with comparable laws of this state. *See State v. Morley*, 134 Wn.2d 588, 605-06, 952 P.2d 167 (1998). This is a two step process, addressing both the legal definitions of the crimes and the facts underlying the convictions. First, the trial court must examine the elements of the out-of-state crime and compare them to the

---

[4] RCW 9A.44.130(1)(a) states in relevant part:

Any adult or juvenile residing whether or not the person has a fixed residence, or who is a student, is employed, or carries on a vocation in this state who has been found to have committed or has been convicted of any sex offense or kidnapping offense, or who has been found not guilty by reason of insanity under chapter 10.77 RCW of committing any sex offense or kidnapping offense, shall register with the county sheriff for the county of the person's residence, or if the person is not a resident of Washington, the county of the person's school, or place of employment or vocation, or as otherwise specified in this section.

elements of the comparable Washington crime. *Morley*, 134 Wn.2d at 606; *see also State v. Werneth*, 147 Wn. App. 549, 554, 197 P.3d 1195 (2008). If the crimes have similar elements, the analysis is complete. *Morley*, 134 Wn.2d at 606. But, "[i]f the elements are not identical, or the foreign statute is broader than the Washington definition of the particular crime," then, as a second step, the trial court may examine the facts of the out-of-state crime " 'as evidenced by the indictment or information.' " *Morley*, 134 Wn.2d at 606 (quoting *State v. Mutch*, 87 Wn. App. 433, 437, 942 P.2d 1018 (1997)); *see also Werneth*, 147 Wn. App. at 554-55.

A. Waiver

■ ¶10 Initially, the State contends that Howe failed to object to the trial court's comparability conclusions and, thus, cannot challenge them on appeal. The State raised the issue of comparability during trial. The State took the position that the California offenses are comparable to Washington sex offenses and asked "if [defense] counsel is prepared to stipulate that there is comparability on the elements of either of the two crimes from the state of California." Report of Proceedings (RP) at 346. Defense counsel responded that his client would not stipulate that the statutes are comparable. The trial court then conducted a comparability analysis limited to the legal elements of the California and Washington sex offenses on the record. It found them comparable.

¶11 At sentencing, Howe again refused to stipulate to comparability of the prior California convictions. He proceeded with his sentencing objections on the assumption that he previously presented a trial objection to the comparability analysis done by the trial court for the California sex offenses. He stated, "[T]he Court has already done a comparison of the out-of-state convictions to Washington felonies, and so I made my objection at trial to those things." RP at 433. The State did not argue that Howe had not presented such an objection at trial. Consequently,

Howe did not waive any right to appeal the comparability issue.[5]

## B. Comparability Analysis

### 1. Lewd Acts

¶12 Howe argues that his 2002 California conviction for violation of lewd acts upon a child[6] is not legally comparable to second degree child molestation[7] under Washington law. He contends that the California statute is broader because the physical touching it requires "need not be of the sexual or intimate parts and it need not be inherently sexual in nature." Br. of Appellant at 17. In contrast, the Washington statute requires the touching of "sexual or other intimate parts." Br. of Appellant at 18 (quoting RCW 9A.44.010(2)). The State responds that the recent case of *State v. Jackson*, 145 Wn. App. 814, 187 P.3d 321 (2008), demonstrates that the Washington statute is as broad as the California statute. We disagree.

¶13 In *Jackson*, the court analyzed whether ejaculation onto a victim constitutes "touching" under RCW 9A.44-

---

[5] Howe adds that, even had he failed to object, he may raise a sufficiency of the evidence argument for the first time on appeal. "[D]ue process requires the State to prove its case beyond a reasonable doubt, thus, sufficiency of the evidence is a question of constitutional magnitude." *Baeza*, 100 Wn.2d at 488; RAP 2.5(a)(3).

[6]

Any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, *upon or with the body, or any part or member thereof*, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years.

CAL. PENAL CODE § 288(a) (emphasis added).

[7] RCW 9A.44.086(1) provides:

A person is guilty of child molestation in the second degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

"Sexual contact" is "any *touching of the sexual or other intimate parts of a person* done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2) (emphasis added).

.010(2). 145 Wn. App. at 822-23. The opinion also briefly discussed the definition of "intimate parts of a person." RCW 9A.44.010(2). First the court noted that the body parts can be either clothed or unclothed. *Jackson*, 145 Wn. App. at 819. It then stated:

> Contact is "intimate" within the meaning of the statute if the conduct is of such a nature that a person of common intelligence could fairly be expected to know that, under the circumstances, the parts touched were intimate and therefore the touching was improper. Which anatomical areas, apart from genitalia and breast, are "intimate" is a question for the trier of fact.

*Jackson*, 145 Wn. App. at 819 (footnotes omitted). In *State v. R.P.*, 67 Wn. App. 663, 668-69, 838 P.2d 701 (1992) (*R.P.* I), *aff'd in part, rev'd in part*, 122 Wn.2d 735, 862 P.2d 127 (1993) (*R.P.* II), Division One of this court discussed the definition of "intimate." It stated, "[T]he phrase 'intimate parts' must refer to parts of the human body commonly associated with sexual intimacy." *R.P.* I, 67 Wn. App. at 668-69. Our Supreme Court affirmed in part and reversed in part because kissing of the victim's neck was not considered sexual contact sufficient to support an indecent liberties conviction and clarified that the term "intimate parts" does not mean every body part. *R.P.* II, 122 Wn.2d at 736.

¶14 In *In re Welfare of Adams*, 24 Wn. App. 517, 521, 601 P.2d 995 (1979), we said, "The statute is directed to protecting the parts of the body in close proximity to the primary erogenous areas which a reasonable person could deem private with respect to salacious touching by another." In addition, in *State v. Marcum*, 61 Wn. App. 611, 612 n.1, 811 P.2d 963 (1991), we noted that evidence of kissing a minor's cheeks and touching his face was insufficient to support a first degree child molestation conviction.

¶15 In contrast, in California, touching of any body part appears to satisfy the statutory requirements, so long as it was done with the requisite "intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." CAL. PENAL CODE § 288(a). Specifically:

According to the California Supreme Court, a lewd act for purposes of section 288 requires "a touching of the body of a child under the age of 14, with the specific intent of arousing, appealing to, or gratifying the lust of the child or the accused. [Citations.] Touching of a sexual organ is *not* required." (*People* v. *Raley* (1992) 2 Cal.4th 870, 907 [8 Cal. Rptr. 2d 678, 830 P.2d 712], italics added; see also *People* v. *Gilbert* (1992) 5 Cal.App.4th 1372, 1380 [7 Cal. Rptr. 2d 660] ["The 'lewd and lascivious' *act* need not be inherently sexual in nature nor need it be shown that the offender touched the child's private parts. [Citation.] The crime is committed by any touch of a child with the requisite intent. ' "[T]he purpose of the perpetrator in touching the child is the controlling factor and each case is to be examined in the light of the intent with which the act was done." ' [Citations.]"]; *People* v. *O'Connor* (1992) 8 Cal.App.4th 941, 947 [10 Cal. Rptr. 2d 530] ["The prohibition of [Penal Code section] 288 is not limited to genital touchings. Made criminal is a lewd touching of 'the body, or *any* part or member thereof . . .' when the intent is sexual arousal." (italics in original)]; *People* v. *Pitts* (1990) 223 Cal.App.3d 606, 889 [273 Cal. Rptr. 757] ["It is settled that the private parts of the victim's body need not be touched in order to sustain a [Penal Code section] 288 conviction"].)

According to Witkin and Epstein, "[S]ince passions need not be actually aroused or gratified [Penal Code section] 288 may be violated by simple acts which are neither obviously sexual nor even obscene. [¶] Thus, if the necessary intent can be shown . . . the crime is committed by any touching, fondling, rubbing or feeling of a part of the child's body, even through his clothing. [Citations.]" (2 Witkin & Epstein, Cal. Criminal Law (1988) § 790, pp. 893-894[)].

*People v. Marquez*, 28 Cal. App. 4th 1315, 1322, 33 Cal. Rptr. 2d 821 (1994) (alterations in original). The *People v. Levesque* court followed *Marquez* and stated that a "lewd act" is "any touching" done with the requisite intent.[8] 35 Cal. App. 4th 530, 538-39, 41 Cal. Rptr. 2d 439 (1995).

¶16 Thus, it is clear that although neither statute requires the touching of unclothed genitals, Washington,

---

[8] The State does not address any California cases in its briefing to this court.

unlike California, requires the touching be "directed to protecting the parts of the body in close proximity to the primary erogenous areas which a reasonable person could deem private with respect to salacious touching by another." *Adams*, 24 Wn. App. at 521. Consequently, the California statute is broader than the Washington statute; the statutes are not legally comparable. *See Morley*, 134 Wn.2d at 606.

¶17 The second step of the comparability analysis requires that the trial court review the facts underlying the out-of-state conviction. *Morley*, 134 Wn.2d at 606. To perform this factual comparability analysis, the court may examine the indictment or information to determine whether "the elements of the crime" would have violated a comparable Washington statute. *Morley*, 134 Wn.2d at 606; *State v. Releford*, 148 Wn. App. 478, 487-88, 200 P.3d 729 (2009). Here, Howe argues that the State did not introduce any documents setting out facts underlying the lewd acts conviction. The State does not address this issue in its brief on appeal.

¶18 The 2002 amended California complaint contains two charges: unlawful sexual intercourse and lewd acts on a child. The facts recited for the first count, unlawful sexual intercourse, state that Howe "engage[d] in sexual intercourse with 'Jane Doe.'" Ex. 2, at 13. Had this recitation been included in the lewd acts charge, the crime would have clearly been comparable to the Washington crime because sexual intercourse requires the touching of intimate areas. The Appellate Division of the California Superior Court held in *People v. Stitely*, 35 Cal. 4th 514, 108 P.3d 182, 26 Cal. Rptr. 3d 1, 33 (2005) " 'that sexual intercourse' has a common meaning in the context of rape, [and] the term can only refer to vaginal penetration or intercourse." The lewd acts charge, however, does not include this language. It states only that the charge is "connected in its commission with the [sexual intercourse charge]." Ex. 2, at 14. Consequently, Howe is correct that nothing in the record supports a finding of factual comparability.

## 2. Failure To Register

¶19 Howe's second alternative conviction was based on a California conviction for failing to register as a sex offender. As Howe acknowledges, in Washington, failure to register as a sex offender is itself an underlying sex offense. *State v. Albright*, 144 Wn. App. 566, 570-72, 183 P.3d 1094, *review denied*, 164 Wn.2d 1028 (2008). Here, however, he argues that because the California failure to register statute, California Penal Code section 290,[9] encompasses all sex crimes under section 288 of the California Penal Code,[10] and because a sex offense under section 288 is not legally comparable to a Washington sex offense, section 290 is broader than the comparable failure to register law in Washington.

¶20 The State acknowledges that the two statutes are related. "The argument raised in the brief of appellant concerning [the failure to register conviction] fails if the comparability is found as previously discussed in this section dealing with Lewd Conduct towards a Child." Br. of Resp't at 11. The State does not address the consequences to Howe's conviction on this count if the California lewd conduct with a minor conviction is not comparable to a Washington sex offense.

¶21 Because the California failure to register conviction encompasses underlying acts that are a crime in California but are not necessarily a crime in Washington, this conviction also fails a comparability test.

---

[9] *People v. Ranscht*, 173 Cal. App. 4th 1369, 1375, 93 Cal. Rptr. 3d 800 (2009) held this provision (section 290(c)) to be unconstitutional.

[10] California Penal Code section 290(c) states:

The following persons shall be required to register:
Any person who, since July 1, 1944, has been or is hereafter convicted in any court in this state or in any federal or military court of a violation of Section 187 committed in the perpetration, or an attempt to perpetrate, rape or any act punishable under Section 286, 288, 288a, or 289.

II. The Remedy Is Dismissal for Insufficient Evidence

¶22 Division Three has addressed whether the lack of demonstrated comparability between out-of-state sex offenses and comparable Washington crimes presents an issue of sufficiency of the evidence, thus mandating reversal.

¶23 In *Werneth*, the defendant had previously entered an *Alford*[11] plea to a child molestation charge in Georgia. After moving to Washington, the defendant was charged with failure to register as a sex offender based on his prior Georgia child molestation conviction. *Werneth*, 147 Wn. App. at 551-52. At trial, the State offered a certified copy of the defendant's Georgia conviction to prove that he had been convicted of an out-of-state offense requiring him to register as a sex offender in Washington. It then rested. The defendant moved to dismiss on the ground that the Georgia offense was not comparable to a Washington sex offense. *Werneth*, 147 Wn. App. at 552. The trial court concluded that the Georgia offense was comparable to the Washington sex offense of second degree child molestation based solely on a legal comparability analysis and denied the motion. *Werneth*, 147 Wn. App. at 552.

¶24 The trial court convicted the defendant of failure to register. On appeal, Werneth argued that the State failed to prove that his Georgia conviction for child molestation was comparable to a Washington sex offense and, thus, failed to prove a requisite element of the Washington failure to register conviction. *Werneth*, 147 Wn. App. at 552.

¶25 Division Three of this court agreed. *Werneth*, 147 Wn. App. at 555. First, it compared the elements of the Georgia child molestation statute and the Washington second degree child molestation statute—the "legal" prong under our current phrasing of comparability analysis—and concluded that the Georgia statute lacked two essential elements of the Washington statute. *Werneth*, 147 Wn. App.

---

[11] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

at 553-54. Next, it considered whether "the Georgia court entered findings of fact which support the additional elements of the Washington offense," the "factual" prong of the comparability analysis.[12] *Werneth*, 147 Wn. App. at 554.

¶26 The State argued that it had produced the necessary, additional facts at trial to prove comparability. *Werneth*, 147 Wn. App. at 554. But Division Three noted that "the State did not offer any findings of fact made by the Georgia court that might have shown proof of these necessary elements. And the State's evidence does not show that the Georgia court was aware of Mr. Werneth's relationship to his victim (i.e., whether or not he was married to the victim)." *Werneth*, 147 Wn. App. at 554. Ultimately, Division Three held:

> To convict Mr. Werneth of failing to register as a sex offender, the State had to produce sufficient evidence that Mr. Werneth was convicted of an out-of-state offense that would be a "felony sex offense" as defined in former RCW 9A.44.130(10)(a) (2006). The State failed to show that Mr. Werneth's Georgia conviction for child molestation is comparable to Washington's crime of attempted second degree child molestation. The State, therefore, failed to establish an essential element of the crime of failure to register as a sex offender.

*Werneth*, 147 Wn. App. at 555. It reversed Werneth's convictions for failure to register as a sex offender.

¶27 Here, we have a similar circumstance. The State had the burden to prove an element of the crime—that at least one of Howe's California convictions amounted to a sex offense under Washington law—and it failed to do so. "We hold that the sex registration statute applies only where there has been an adult criminal conviction or a juvenile adjudication for a sex offense." *Oostra*, 86 Wn. App. at 546. Although the State argues it may have been able to prove comparability under the second prong of the compa-

---

[12] Division Three utilized the comparability analysis as articulated by this court's earlier decision in *State v. Russell*, 104 Wn. App. 422, 440, 16 P.3d 664 (2001).

rability analysis, it failed to present any evidence related to the factual underpinnings of the conviction for lewd acts on a child.

¶28 The dissent argues that the trial judge, not the jury, was responsible for determining the existence of the predicate California convictions and that the judge's "sua sponte" finding of legal comparability had the effect of "truncating" the state's case and "precluding" the State from proving factual comparability. Dissent in part at 354, 355. But we see no indication in the record of an unanticipated ruling or that the State was precluded from submitting evidence on this issue. Here, defense counsel explicitly refused to agree to comparability. The State then had the option of establishing legal comparability or factual comparability. Satisfied with the court's ruling on the former, the State made no effort to prove the latter. Regardless of who was to decide the issue, this left insufficient evidence of comparability in the record.

¶29 Comparability analysis is based on both a legal and a factual inquiry. *Morley*, 134 Wn.2d at 606. The State's failure to provide sufficient evidence of an element of the charged crime requires remand for dismissal of the conviction. *State v. Hickman*, 135 Wn.2d 97, 103, 954 P.2d 900 (1998).[13]

¶30 We reverse and vacate both convictions and remand for dismissal.

PENOYAR, J., concurs.

¶31 QUINN-BRINTNALL, J. (concurring in part, dissenting in part) — I agree with the majority that the trial court erred in holding that the elements of California's lewd conduct with a child offense were legally comparable to a Washington sex offense. I also agree with the majority's holding

---

[13] Although the jury instructions provided that "Lewd Acts Upon a Child" and "Failure to Register" are sex offenses, the State does not argue that in the event we find the offenses are not comparable, the matter can be remanded for a new trial because the trial court committed only an error in instructing the jury. CP at 32, 33; *see generally State v. Parker*, 102 Wn.2d 161, 166, 683 P.2d 189 (1984) (remanding for retrial).

that, although failure to register is a qualifying comparable sex offense,[14] the State's charging language in count II unnecessarily incorporated the elements of the California statute and was likewise infected with the error. I write separately because I believe that the trial court's error is one relating to the admissibility of evidence, rather than sufficiency of evidence, for Howe's California lewd conduct conviction. As such, the correct remedy for this legal error is remand for a new trial at which the State would have the opportunity to prove that the facts underlying Howe's California offense clearly satisfy a Washington sex offense that requires registration.

¶32 Here, Howe argues that the State failed to prove to the jury beyond a reasonable doubt "that the two California convictions underlying the failure to register charges were, in fact, sex offenses under Washington law." Br. of Appellant at 10. But in my opinion, this was not an issue for the jury. Instead, as with violations of no-contact orders addressed in *State v. Miller*, 156 Wn.2d 23, 123 P.3d 827 (2005), the validity of the predicate order is not an element of the crime to be decided by the jury beyond a reasonable doubt. As the *Miller* court pointed out:

> [I]ssues relating to the validity of a court order (such as whether the court granting the order was authorized to do so, *whether the order was adequate on its face*, and whether the order complied with the underlying statutes) are uniquely within the province of the court. Collectively, we will refer to these issues as applying to the "applicability" of the order to the crime charged. An order is not applicable to the charged crime if it is not issued by a competent court, is not statutorily sufficient, is vague or inadequate on its face, or otherwise will not support a conviction of violating the order. The court, as part of its gate-keeping function, should determine *as a threshold matter whether the order alleged to be violated is applicable and will support the crime charged.* Orders that are not

---

[14] *See State v. Albright*, 144 Wn. App. 566, 569-70, 183 P.3d 1094 (correcting legislative numbering error to provide that failure to register as a sex offender is a sex offense), *review denied*, 164 Wn.2d 1028 (2008).

applicable to the crime should not be admitted. If no order is admissible, the charge should be dismissed.

*Miller*, 156 Wn.2d at 31 (emphasis added) (footnote omitted).

¶33 Applying the *Miller* analysis in this context, whether the jury will learn of Howe's California convictions for lewd conduct with a child is a legal issue of evidentiary admissibility, not evidentiary sufficiency. 156 Wn.2d at 31. As such, the remedy for erroneously admitting such evidence is not dismissal with prejudice but a remand for a retrial. This remedy is particularly appropriate in this case because Howe did not challenge the comparability of the California convictions. The trial court made the comparability ruling sua sponte, deciding that the elements were the same and thus truncating any opportunity for the State to present the factual basis underlying Howe's lewd conduct with a child conviction for the trial court's, or this court's, consideration.

¶34 This situation is similar to that presented in *State v. Mendoza*, 165 Wn.2d 913, 205 P.3d 113 (2009), in which our Supreme Court distinguished the proper remedy for situations in which the State had the opportunity to present its evidence but failed to do so, from situations in which the State never had the opportunity. For cases in the former category, the proper remedy is to bar the State from a second chance to prove its case. *Mendoza*, 165 Wn.2d 913. This remedy is consistent with double jeopardy doctrine, which prevents the State from retrying a defendant after it presents insufficient evidence at trial to convict him, despite the opportunity to do so. *State v. Wright*, 165 Wn.2d 783, 795, 203 P.3d 1027 (2009) (double jeopardy does not prevent State from retrying defendant under correct statute, after prosecution under wrong statute, as long as sufficient evidence at first trial supports conviction under correct statute (quoting *Parker v. Lockhart*, 797 F. Supp. 718, 725 (E.D. Ark. 1992))). For cases in the latter category, the State never had the opportunity to present its evidence and,

thus, double jeopardy does not bar an evidentiary hearing on the issue and retrial should allow the State to present its evidence for the first time. *Mendoza*, 165 Wn.2d at 930 (where "there is no objection at sentencing and the State consequently has not had an opportunity to put on its evidence, it is appropriate to allow additional evidence at [re]sentencing"); *Wright*, 165 Wn.2d at 795 (unless double jeopardy bars retrial, appellate courts apply remedy of remanding for retrial (quoting *Parker*, 797 F. Supp. at 725)). Here, the trial court erroneously applied a simple statutory analysis and held that Howe's convictions were legally comparable, thus precluding the State from presenting evidence of factual comparability. The proper remedy, therefore, is to remand to provide the State with a full opportunity to prove that Howe's California conviction is factually comparable to a Washington sex offense. I acknowledge *State v. Werneth*, 147 Wn. App. 549, 555, 197 P.3d 1195 (2008) in which Division Three reversed and remanded for dismissal with prejudice following a similar error. But I note that the court did not analyze double jeopardy principles before stating its result.

¶35 Because I believe the trial court made an error of law concerning the admissibility of evidence, I would remand. If, on remand, a review of the factual basis for Howe's California conviction does not reveal it to be comparable to a Washington sex offense, then the proper remedy would be dismissal of the charge. *See, e.g., Miller*, 156 Wn.2d at 31.