**RECORD IMPOUNDED**

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-0060-18T1
A-0572-18T1

IN THE MATTER OF
REGISTRANT B.B.

_____

IN THE MATTER OF
REGISTRANT A.V.

_____

> **APPROVED FOR PUBLICATION**
>
> **October 31, 2019**
>
> **APPELLATE DIVISION**

Argued October 3, 2019 – Decided October 31, 2019

Before Judges Koblitz, Whipple and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket Nos. ML-99-07-0009 and ML-99-07-0140.

James H. Maynard argued the cause for appellant B.B. in A-0060-18 and appellant A.V. in A-0572-18 (Maynard Law Office, LLC, attorneys; James H. Maynard, on the briefs).

Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent State of New Jersey (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Frank J. Ducoat, of counsel and on the brief).

The opinion of the court was delivered by

WHIPPLE, J.A.D.

We hold improper a superfluous misleading paragraph added to orders relieving sex offenders from N.J.S.A. 2C:43-6.4, their Community Supervision for Life (CSL) obligations. Community Supervision Megan's Law registrants B.B. and A.V. both sought and received relief from CSL obligations. The court entered an order dated August 6, 2018, releasing B.B. from CSL, which contained the following language:

> [Ordered] that this [c]ourt renders no decision as to any obligations that the Registrant may have in any other State or jurisdiction as a result of the Registrant's status as a convicted Sex Offender, and that, if applicable, same shall remain within the jurisdiction and purview of the laws of that State and shall remain in full force and effect unless and until relief is granted by that State or jurisdiction[.]

On September 11, 2018, the court entered an order releasing A.V. from his obligations under N.J.S.A. 2C:7-1 to -23, Megan's Law, as well as CSL.

> [Ordered] that any obligations that the Registrant may have in any other State or jurisdiction as a result of the Registrant's status as a convicted Sex Offender shall remain within the jurisdiction and purview of the laws of that State and shall remain in full force and effect unless and until relief is granted by that State or jurisdiction[.]

In these consolidated appeals, both B.B. and A.V. appeal from the inclusion of such language. We agree that the paragraphs are unnecessary and improper and reverse.

In 1996, B.B. pled guilty to two counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). See In re Registrant B.B., No. A-5376-16 (App. Div. July 25, 2018) (slip op. at 1). B.B. was sentenced to concurrent five-year terms on the sexual assault counts, and a concurrent four-year term for the endangering count, to be served at the Adult Diagnostic and Treatment Center. Id., slip op. at 2. B.B. was required to register under Megan's Law, N.J.S.A. 2C:7-2(g), and was subject to CSL upon his release from incarceration pursuant to N.J.S.A. 2C:43-6.4(b). On May 9, 2017, B.B. petitioned under N.J.S.A. 2C:43-6.4(c) to terminate his CSL obligations. The motion judge denied the motion, finding that he was "not firmly convinced that B.B. is not likely to pose a threat to the safety of others if released from CSL." Id., slip op. at 5. B.B. appealed the denial, and we reversed and remanded the matter for entry of an order terminating B.B. from CSL. Id., slip op. at 12.

B.B.'s counsel submitted a proposed form of order to the trial court, which was also served on the State. Although it is not clear from the appellate record, counsel asserts the State submitted a separate proposed form of order to the court, but did not copy him. B.B.'s counsel received a copy of the State's proposed order from the court and wrote a letter to the court objecting to the inclusion of the subject paragraph. The motion judge entered the order

3

granting B.B.'s petition to be released from CSL, but included the subject paragraph. B.B. appealed.

In 1998, A.V. was convicted of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). As part of his sentence he was subject to CSL and Megan's Law registration.

In 2018, A.V. petitioned the trial court for the termination of his obligations under Megan's Law, and his CSL obligations. The motion judge granted A.V.'s motion because A.V. remained offense-free for a period of fifteen years and presented a low risk for re-offense. A.V.'s counsel alerted the court that he submitted a form of order, which inadvertently included the subject paragraph, and argued it should be removed because the language was "extraterritorial" and therefore ultra vires.

The motion judge disagreed and ordered A.V.'s termination from both Megan's Law and CSL, but included the subject language in the order. A.V. appealed. We consolidated both appeals.

B.B. and A.V. raise the following issues on appeal:

> POINT 1: THE TRIAL COURT LACKED AUTHORITY TO ORDER APPELLANTS' COMPLIANCE WITH UNSPECIFIED OBLIGATIONS, IN UNSPECIFIED JURISDICTIONS; AND, IN THE ABSENCE OF EITHER TERRITORIAL OR [IN PERSONAM] JURISDICTION, SUCH ORDERS ARE [ULTRA VIRES] AND MUST BE STRICKEN.

4

A. THE TRIAL COURT'S ORDERS REFERENCING "OBLIGATIONS THAT THE REGISTRANT MAY HAVE IN ANY OTHER STATE OR JURISDICTION AS A RESULT OF THE REGISTRANT'S STATUS AS A CONVICTED SEX OFFENDER" FAIL TO GIVE NOTICE OF PROSCRIBED CONDUCT AND ARE ARBITRARY.

POINT 2: [THE] COURT'S ORDER IS EXTRATERRITORIAL AND [ULTRA VIRES].

POINT 3: THE TRIAL COURT'S ORDERS RISK CONFUSING COURTS AND OFFICERS IN OTHER JURISDICTIONS, AND RISK CREATING UNAUTHORIZED INFRINGEMENTS ON THE PROTECTED RIGHTS OF B.B. AND A.V.

POINT 4: THE COURT LACKS ANY [IN PERSONAM] JURISDICTION OVER A.V.

POINT 5: THE TRIAL COURT'S ORDER IS INCONSISTENT WITH THE FORM OF MEGAN'S LAW AND CSL REMOVAL ORDERS GENERATED IN OTHER NEW JERSEY JURISDICTIONS, RISKS CREATING CONFUSION AND INCONSISTENCY WITHIN THE NEW JERSEY COURTS AND PROSECUTOR'S OFFICES, AND, BY CREATING DISPARITY IN TERMINATION ORDERS BASED ON GEOGRAPHY, VIOLATES THE EQUAL PROTECTION PROVISIONS OF THE UNITED STATES AND NEW JERSEY CONSTITUTIONS.[1]

---

[1] They also improperly raise a new argument in their reply brief, regarding court orders of an advisory nature are not authorized by the court rules, which we ignore. Borough of Berlin v. Remington Vernich & Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001).

B.B. and A.V. argue that both of their respective orders seek to compel compliance with "unknown and unspecified legal obligations in other jurisdictions that may or may not exist." Therefore, they contend the order is extraterritorial and ultra vires. They also contend that the orders lack adequate notice of what conduct is proscribed, or prescribed, by law and thus, is unconstitutionally vague and arbitrary.

B.B. and A.V. further assert that the trial court, through the respective orders, is attempting to maintain personal jurisdiction over them regarding the possible application of the unspecified laws of foreign jurisdictions and thus, fails to comply with the United States Constitution's Fourteenth Amendment due process requirement. Additionally, B.B. and A.V. assert that the orders create a risk of confusing courts and officers which results in disparate treatment based on where each registrant lives within the state. A.V. also argues that the order refers to him as a sex offender which is incorrect as a matter of fact and law in the state of New Jersey and thus should be stricken from the order.

A.V. and B.B. both sought and were granted relief from their registration obligations. The subject paragraphs do not compel conduct or impose additional restrictions upon B.B. and A.V. Indeed, they concede "[a]ny fair reading of the plain language of the order must conclude that it is an order that

A-0060-18T1

orders nothing." Although we do not agree the respective orders maintain personal jurisdiction over A.V. and B.B. in applying the unspecified laws of foreign jurisdictions, potentially violating their Fourteenth Amendment due process rights, we agree the paragraphs are ambiguous, unnecessary, and capable of creating confusion. Moreover, we are not persuaded by the reasons proffered by the state to support inclusion of such language.

The State argues A.V. and B.B. are not aggrieved by orders that do not compel or obligate them to engage in conduct and therefore, their appeals should be dismissed for a lack of standing. The State also contends the court made no error by including such language, as the purpose of including the language was to inform A.V. and B.B. of obligations they could be subject to in other jurisdictions and for "public safety." We reject the State's assertions.

Clearly A.V. and B.B. have standing to challenge orders to which they are subject. Although the language used by the court may not contain errors,[2] we do not consider the inclusion of the subject paragraphs as meaningless or inconsequential.

---

[2] It is clear from the record that the motion judge's intent was to notify A.V. as well as other jurisdictions that the order's effects were limited to New Jersey. In A.V.'s hearing the motion judge stated "I think without the limiting language of that paragraph then you're left with an order from this [c]ourt which seems like it's terminating his obligations no matter where it may be."

In other contexts our Supreme Court stated the courts are forbidden from "declar[ing the] rights or status of parties upon a state of facts which are future, contingent and uncertain." Matter of N.J. Firemen's Ass'n Obligation to Provide Relief Applications Under Open Pub. Records Act, 230 N.J. 258, 275 (2017) (alteration in original) (quoting Lucky Calendar Co. v. Cohen, 20 N.J. 451, 454 (1956)). Predicting B.B.'s and A.V.'s obligations under the laws of other jurisdictions could not be more future, contingent, or uncertain.

Sex offender registration and notification laws are widely used. The statutes, regulations, and laws addressing sex offender registration and notification in all fifty states, the District of Columbia, the five principal United States territories, and over 125 federally recognized Indian Tribes[3] are varied and complex.[4] Each local system makes its own determinations about

---

[3] Failure to register in other jurisdictions, as required under the Sex Offender Registration and Notification Act (SORNA), potentially subjects both A.V. and B.B. to additional consequences. See 18 U.S.C. § 2250(a). SORNA established, among other things, a federal criminal offense covering any individual who 1) "is required to register under [SORNA]," 2) "travels in interstate or foreign commerce," and 3) "knowingly fails to register or update a registration as required by [SORNA]." Ibid. Failure to comply with this provision may subject B.B. and A.V. to fines, imprisonment of not more than ten years, or both. Ibid.

[4] See U.S. Dep't. of Justice, Sex Offender Registration and Notification in the United States: Current Case Law and Issues 1 (March 2018), http://www.smart.gov/caselaw/Case-Law-Update-2018-Compiled.pdf.

who is required to register, which crimes are registerable offenses, what information offenders must provide, and what consequences are inherent in the scheme.[5]

The obstacles a previously-convicted sex offender faces when relocating from one state to another, or simply travelling interstate, are not uniform. Many jurisdictions require registration if a person is convicted of an out-of-state offense that is comparable, similar, or substantially similar to one or more of the receiving jurisdiction's registerable offenses. The subject language under consideration here offers nothing that adequately advises A.V. or B.B., or any potential receiving jurisdiction, of these potential broad consequences. Compare Lozada v. S.C. Law Enf't Div., 719 S.E.2d 258, 259-61 (S.C. 2011) (finding a Pennsylvania conviction for unlawful restraint to be a registerable offense in South Carolina, as it is similar to a registerable offense in South Carolina's registry), and Skaggs v. Neb. State Patrol, 804 N.W.2d 611, 616 (Neb. 2011) (California conviction of sex offense required registration in Nebraska), with State v. Werneth, 197 P.3d 1195, 1198 (Wash. Ct. App. 2008) (finding a previously convicted sex offender's Georgia conviction for child molestation was not a registerable offense as it was not comparable to a Washington sex offense).

---

[5] Ibid.

A-0060-18T1

Moreover, A.V.'s order specifically states he remained offense-free for more than fifteen years following his convictions, was not likely to pose a risk to the safety of others, and did not present a risk of harm to the community. These findings were uncontested by the State as to A.V. As to B.B., we reversed and remanded for an order terminating B.B. from CSL because the record supported a finding he met the statutory requirements for such relief, that is, he was not likely to commit another sexual offense and did not present a risk of harm to others in the community. The inclusion of the subject paragraphs suggesting both might have obligations elsewhere could be perceived as a veiled reservation as to these findings. We have carefully reviewed the record regarding all remaining arguments and determined they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Reversed and remanded for the entry of orders without the unnecessary paragraphs consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0060-18T1