**FILE**

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
DECEMBER 24, 2020

CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
DECEMBER 24, 2020

SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 97617-1 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | En Banc |
| | ) | |
| BENJAMIN BATSON, | ) | |
| | ) | Filed: <u>December 24, 2020</u> |
| Respondent. | ) | |

YU, J.— This case concerns whether the state legislature may impose a duty to register as a sex offender in Washington where an individual would be required to register in the state of conviction. The answer is yes. We reverse the Court of Appeals' holding that RCW 9A.44.128(10)(h) is an unconstitutional delegation of legislative authority and remand Benjamin Batson's other challenges for consideration by the Court of Appeals.

## BACKGROUND

In 1984, Batson pleaded guilty in an Arizona court to two counts of sexual conduct with a minor. As a result of his conviction, Arizona law required Batson to register as a sex offender for life. ARIZ. REV. STAT. § 13-382l(A)(4), (M).

At some point prior to April 6, 2009, Batson moved to Washington. At that time, the State required individuals to register as sex offenders only if their out-of-state offense would have been classified as a sex offense in Washington. Former RCW 9A.44.130(10)(a)(iv) (2006); *State v. Howe*, 151 Wn. App. 338, 343, 212 P.3d 565 (2009). Since Batson's Arizona conviction arose from sexual contact with a 16-year-old, his offense would not have been a crime in Washington, which limits criminal liability for sexual contact to minors younger than 16. RCW 9A.44.079. Batson was therefore not required to register as a sex offender.

But in June 2010, the state legislature amended the sex registry statute to require registration for "[a]ny federal or out-of-state conviction for: [a]n offense for which the person would be required to register as a sex offender while residing in the state of conviction." LAWS OF 2010, ch. 267, § 1(6)(d); *see also* RCW 9A.44.128(10)(h). This change required Batson to register as a sex offender in Washington since he would have been required to register in Arizona.

In March 2018, Batson was convicted of failure to register as a sex offender from August 2016 through November 2017.[1]  Batson appealed his conviction to the Court of Appeals.  The Court of Appeals reversed Batson's sentence, holding that RCW 9A.44.128(10)(h) was an unconstitutional delegation of legislative power to the State of Arizona to decide whether Batson had a duty to register in Washington.  *State v. Batson*, 9 Wn. App. 2d 546, 553-54, 447 P.3d 202 (2019).  The State appealed, and we granted review.  *State v. Batson*, 194 Wn.2d 1009 (2019).

## ANALYSIS

Washington requires individuals convicted of sex offenses to register as sex offenders.  RCW 9A.44.130(1)(a).  The legislature defines "sex offense" broadly to include convictions from other jurisdictions: federal, military, foreign county, or tribal.  RCW 9A.44.128(10)(i)-(*l*).  It also includes convictions from other states:

> Any out-of-state conviction for an offense for which the person would be required to register as a sex offender while residing in the state of conviction; or, if not required to register in the state of conviction, an offense that under the laws of this state would be classified as a sex offense under this subsection.

RCW 9A.44.128(h).

---

[1] Batson was previously convicted in Washington of failing to register as a sex offender in 2011 and 2013, but both convictions were later dismissed by the Court of Appeals.

3

Batson contends that RCW 9A.44.128(10)(h) is an unconstitutional delegation of legislative power. Suppl. Br. of Resp't at 5-7.

Statutes are presumed constitutional. *State v. Watson*, 160 Wn.2d 1, 11, 154 P.3d 909 (2007). "'Wherever possible, it is the duty of this court to construe a statute so as to uphold its constitutionality.'" *State v. Abrams*, 163 Wn.2d 277, 282, 178 P.3d 1021 (2008) (quoting *State v. Reyes,* 104 Wn.2d 35, 41, 700 P.2d 1155 (1985)). We review the constitutionality of a statute de novo. *State v. Hunley*, 175 Wn.2d 901, 908, 287 P.3d 584 (2012).

The Washington Constitution vests legislative authority in the state legislature. WASH. CONST. art. II, § 1. "[I]t is unconstitutional for the Legislature to abdicate or transfer its legislative function to others." *Brower v. State*, 137 Wn.2d 44, 54, 969 P.2d 42 (1998). It is the function of the legislature to "define the elements of a specific crime." *State v. Wadsworth*, 139 Wn.2d 724, 734, 991 P.2d 80 (2000).

In *State v. Dougall*, 89 Wn.2d 118, 120, 570 P.2d 135 (1977), we held unconstitutional a statute that "authorize[d] a substance to be designated or rescheduled as a controlled substance by the mere act of final publication in the Federal Register and acquiescence therein by the" Washington State Board of Pharmacy. Thus, the former statute criminalized the possession of certain substances based solely on the future judgment of the federal government, without

4

any independent judgment by our legislature. *Id.* at 123. This court concluded that deference to the future discretion of the federal government was unconstitutional:

> While the legislature may enact statutes which adopt *existing* federal rules, regulations, or statutes, legislation which attempts to adopt or acquiesce in *future* federal rules, regulations, or statutes is an unconstitutional delegation of legislative power and thus void.

*Id.* at 122-123 (citing *State ex rel. Kirschner v. Urquhart*, 50 Wn.2d 131, 137, 310 P.2d 261 (1957)).

Batson insists that *Dougall* controls his case. Suppl. Br. of Resp't at 6. He argues that by requiring him to register as a sex offender in Washington, on the basis that Arizona law requires him to register, the legislature has "abdicate[d] its duty to define the elements of a crime to the ever-shifting laws of other states." *Id.* at 5-7.[2]

Batson is incorrect. The legislature has not permitted the State of Arizona to define criminal conduct or the elements of a crime in the State of Washington. RCW 9A.44.132 states that it is a crime to knowingly fail to comply with applicable sex offender registration requirements. To convict a person of this crime, a jury must find that (1) the person has a prior conviction for a sex offense, (2) the prior conviction triggered Washington's sex offender registration

---

[2] We note that countless Washington laws, such as those defining who may receive a concealed pistol license, incorporate the underlying facts of convictions from other jurisdictions and may bear criminal consequences for noncompliance. *See Barr v. Snohomish County*, 193 Wn.2d 330, 440 P.3d 131 (2019).

requirements, and (3) the person knowingly failed to comply with those requirements. RCW 9A.44.132; 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 49C.02, at 1078 (4th ed. 2016). Contrary to Batson's assertion, "sex offense" is not an element of RCW 9A.44.132. Rather, it is a definitional term. A definition is not an element of the crime simply because it clarifies the meaning of an essential element. *See State v. Lorenz*, 152 Wn.2d 22, 34-35, 93 P.3d 133 (2004).

The statute at issue in *Dougall* deferred to the federal government's determination of what conduct constitutes a Washington criminal offense. Here, RCW 9A.44.128(10)(h) merely sets the circumstances under which the obligation to register as a sex offender becomes operative. Once those obligations are triggered, a Washington criminal offense occurs only when a person knowingly fails to comply with them. We have previously held that the legislature may "[c]ondition[] the operative effect of a statute upon the happening of a future specified event" and this is "distinguish[able] from a statute which attempts to adopt future federal law." *Diversified Inv. P'ship v. Dep't of Soc. & Health Servs.*, 113 Wn.2d 19, 28, 775 P.2d 947 (1989).

The legislature expressly designed RCW 9A.44.128(10)(h) to address a "future specified event." Prior to 2010, convictions from other jurisdictions qualified as sex offenses for registration purposes only if "the legal definitions of

the crimes and the facts underlying the convictions" were comparable to Washington sex offenses. *Howe*, 151 Wn. App. at 343. Thus, in 2009, the Court of Appeals held that a person with a "California conviction for lewd acts on a child" was not required to register as a sex offender in Washington because "the California statute is broader than the Washington statute" and the record did not contain "any documents setting out facts underlying the lewd acts conviction." *Id.* at 341, 348; *see also State v. Werneth*, 147 Wn. App. 549, 197 P.3d 1195 (2008) (Georgia conviction for child molestation not comparable to Washington offense).

In response to *Howe* and *Werneth*, the legislature enacted the 2010 amendment, defining sex offense in part as "[a]ny federal or out-of-state conviction . . . for which the person would be required to register as a sex offender while residing in the state of conviction." LAWS OF 2010, ch. 267, § 1(6)(d). Legislative testimony supporting this change stated that it was "an important fix for law enforcement because [under existing law] they spend a good deal of time analyzing the out-of-state offense to determine its comparability," and further noted that such uncertainty meant that "[t]he current sex offender registration law is fraught with traps for persons trying to comply with the law." S.B. REPORT ON S.B. 6414, at 5, 61st Leg., Reg. Sess. (Wash. 2010). The amendment solved these problems by bringing uniformity to Washington law, allowing law enforcement and the public to better understand sex offender registration requirements, and

preventing sex offenders from avoiding existing registration requirements by moving to our state.

RCW 9A.44.128(10)(h) merely sets forth one circumstance under which sex offender registration requirements become operative—when a person has a prior out-of-state conviction "for which the person would be required to register as a sex offender while residing in the state of conviction." This definitional statute does not change how Washington sex offender registration requirements apply, and it does not affect the elements of the crime of failure to register as a sex offender in Washington. Instead, it affects only the underlying condition of whether sex offender registration requirements are operative. It is therefore not an unconstitutional delegation of legislative authority.

Batson also challenges the constitutionality of his conviction on ex post facto, double jeopardy, and equal protection grounds. The Court of Appeals declined to reach those issues because it resolved the case on delegation grounds. *Batson*, 9 Wn. App. 2d at 553 n.5. Because we reverse the Court of Appeals on the delegation issue, we remand Batson's remaining challenges to the Court of Appeals to be decided in the first instance. RAP 13.7(b).

CONCLUSION

RCW 9A.44.128(10)(h) is not an unconstitutional delegation of legislative authority. Rather, the legislature permissibly identified circumstances under which Washington sex offender registration requirements become operative as to individuals with out-of-state convictions. We reverse the Court of Appeals and remand Batson's remaining challenges to the Court of Appeals to decide in the first instance.

_____
Yu, J.

WE CONCUR:

_____          _____
Stephens, C.J.                                              González, J.

_____          _____
Johnson, J.

_____          _____
Madsen, J.                                                   Montoya-Lewis, J.

_____          _____

*State of Washington v. Benjamin Batson*

No. 97617-1

OWENS, J. (dissenting) — In 1984, Benjamin Batson was convicted of a sex offense in Arizona. In 2012, Mr. Batson was convicted in Washington for failing to register as a sex offender based on this 1984 conviction. The conduct underlying the 1984 conviction would not be a sex offense requiring registration had it been committed in Washington. But RCW 9A.44.128 (10)(h) requires registration for out-of-state offenders based on the other states' definition of "sex offense." RCW 9A.44.128(10)(h) is an unconstitutional delegation of legislative authority because it permits Arizona to define whether Mr. Batson has committed a "sex offense" requiring registration in Washington. Allowing the shifting winds of a foreign jurisdiction to define and determine whether an individual will be exposed to criminal liability is an unconstitutional delegation. This delegation grants Arizona the power to destroy an element of the crime or limitlessly expand it, allowing Arizona to require registration for any offense they desire. Therefore, I respectfully dissent.

1.  *The Non-Delegable Legislative Function of the Legislature Includes*
    *Establishing the Elements of Crimes and Defining Those Elements*

The people of Washington State have vested the power to proscribe conduct

and to pass legislation in the Washington Legislature. CONST. art. II, § 1. Our

precedent is clear; the legislature is prohibited from delegating away the purely

legislative functions that the people of Washington have vested in it. *Diversified Inv.*

*P'ship v. Dep't of Soc. & Health Servs.*, 113 Wn.2d 19, 24, 775 P.2d 947 (1989). The

majority recognizes that it is the function of the legislature to "'*define the elements* of

a specific crime.'" Majority at 4 (emphasis added) (quoting *State v. Wadsworth*, 139

Wn.2d 724, 734, 991 P.2d 80 (2000)). In doing so, "[a] statute must be complete in

itself when it leaves the hands of the Legislature," and the legislature cannot abandon

its duty to define and establish elements to another body. *Diversified*, 113 Wn.2d at

24; *State v. Dougall*, 89 Wn.2d 118, 122-23, 570 P.2d 135 (1977).

But the legislature does just that, with the majority's approval, by abandoning

its legislative duty to a foreign jurisdiction to define who can be prosecuted for failure

to register as a sex offender in Washington. The statute at issue states, "A person

commits the crime of failure to register as a sex offender if the person has a duty to

register under RCW 9A.44.130 for a felony sex offense and knowingly fails to

comply with any of the requirements of RCW 9A.44.130." RCW 9A.44.132. "Sex

offense" is defined broadly as "[a]ny out-of-state conviction for an offense for which

the person would be required to register as a sex offender while residing in the state of

2

conviction." RCW 9A.44.128(10)(h). In function and effect, this outsources what is defined as a sex offense to the determination of a foreign legislature. When applying this law, we must see if Arizona law currently defines the conviction as a sex offense requiring registration. Only if Arizona's definition encompasses a registration requirement will Washington law require the same for Mr. Batson. Consider the practical implications of this law. We presume individuals are knowledgeable about the laws in their jurisdiction, both state and federal. But now someone like Mr. Batson, living in Washington, must pay close attention to Arizona's laws and whether Arizona's legislature changes or decides to impose registration requirements for a past conviction.

The majority rejects the assertion that this statute allows a foreign jurisdiction to define an element of the crime by stating that this is purely "a definitional term" and not an element because it "clarifies the meaning of an essential element." Majority at 6 (citing *State v. Lorenz*, 152 Wn.2d 22, 34-35, 93 P.3d 133 (2004)). Yet, the majority concedes, "It is the function of the legislature to 'define the elements of a specific crime,'" and "'it is unconstitutional . . . to abdicate or transfer'" this function. Majority at 4 (quoting *Wadsworth*, 139 Wn.2d at 734; *Brower v. State*, 37 Wn.2d 44, 54, 969 P.2d 42 (1998)). If Arizona's law is supplying a definition of an element of the crime, and not the literal element in the statute, it still can be an unconstitutional delegation. As this court has repeatedly stated, "The power to decide what acts shall

3

be criminal, *to define crimes*, and to provide what the penalty shall be is legislative."

*McInturf v. Horton*, 85 Wn.2d 704, 706, 538 P.2d 499 (1975) (emphasis added); *see*

*also State v. Ritchie*, 126 Wn.2d 388, 394, 894 P.2d 1308 (1995); *State v. Ermert*, 94

Wn.2d 839, 847, 621 P.2d 121 (1980). Defining the term that *is* an element of the

crime is defining the element of the crime.

Consider the hypothetical sign saying "no vehicles in the park." The elements

would be that the individual had "a vehicle" and brought the vehicle into the park.

However, another section defines "a vehicle" as "anything that the state of Arizona

*would define* as a vehicle." If we strained our eyes and looked at this in a purely

formalistic manner, yes, this is only a definition that would clarify the meaning of the

"vehicle" element. But in reality, Arizona's choice of defining "a vehicle" has the

ability to entirely change the class of individuals to whom this law applies. Further,

Arizona would have the ability to limitlessly expand or destroy the vehicle element.

For example, it could define a bicycle, scooter, or even a child's stroller as a

"vehicle," sweeping in a multitude of individuals otherwise not contemplated by the

legislature. Or define "vehicle" as only those being "powered by hydrogen fuel

cells," allowing essentially every other vehicle into the park. Either way, Arizona's

choice of definition can endlessly expand an element or circumscribe it to the point of

being an empty letter. And nothing prevents Arizona from making the determination

one day, then switching course the next day on how a definition will apply—all

4

without the input of the Washington Legislature.

We can see this through the real world implications of this delegation. For example, Oregon law would require an individual to register as a sex offender in Washington for engaging in "any conduct" that would "facilitate[] an act" of prostitution. OR. REV. STAT. § 167.012. Even providing someone a room where they can engage in prostitution could require registration. OR. REV. STAT. § 163A.005. Here, the "sex offense" would not require any sexual motivation or violence but would expand Washington's registration requirements to include an individual who Washington's legislators would otherwise not deem a sex offender. Some states have even expanded sex offender requirements to individuals convicted of public urination, even if no one was present when the offense occurred. IDAHO CODE §§ 18-4116, 18-8304. This demonstrates that definitions matter because a broader definition will allow a greater amount of conduct to fulfill an element of the crime.

Moreover, the majority is incorrect in saying that *Lorenz* established that "[a] definition is not an element of the crime simply because it clarifies the meaning of an essential element." Majority at 6 (citing *Lorenz*, 152 Wn.2d at 34-35). In *Lorenz*, we said that the definitional term was "not an *essential* element" that must be included in the to-convict instruction. *State v. Stevens*, 158 Wn.2d 304, 309, 143 P.3d 817 (2006) (emphasis added). Simply because something is not an *essential* element or not included in the instructions does not mean that it is no longer an element of the crime.

5

In *Stevens*, this court specifically clarified that while a definitional term may not be an "explicit element" that must be included in the instructions, it is one that is necessary to the element that the State must prove. *Id*. at 309-10. Importantly, the *Stevens* court specifically rejected the majority's proffered interpretation of *Lorenz*. *Id.* at 309. Far from saying that a definition is never an element of a crime, our precedent simply states that in some situations, a definition may not be an "essential element" or an "explicit element" in the instructions to convict. Thus, the majority's reliance on *Lorenz* is misplaced. *Id*.

More so, it cannot be that "[t]his definitional statute does not change how Washington sex offender registration requirements apply, and it does not affect the elements of the crime of failure to register as a sex offender in Washington." Majority at 8. The definition of a term that is itself an element of a crime necessarily alters the element's meaning, effect, and application. Our precedent recognizes this as well. *Lorenz*, 152 Wn.2d at 34 (recognizing that "the definition of 'sexual contact' clarifies the meaning such that it excludes inadvertent touching" thereby confining the conduct that applies to this element). If a definitional term "clarifies the meaning" of the essential element, it will determine how it applies, how the elements of the crime will be construed, and how they will be evaluated.

    2. *This Statute Impermissibly Adopts Future State Law from a Foreign Jurisdiction, Unconditionally and without Review*

"While the legislature may enact statutes which adopt *existing* federal rules,

regulations, or statutes, legislation which attempts to adopt or acquiesce in *future* federal rules, regulations, or statutes is an unconstitutional delegation of legislative power and thus void." *Dougall*, 89 Wn.2d at 122-23. In *Dougall*, the statute was unconstitutional because it permitted the federal government to determine whether a drug would fall under the definition of a controlled substance. *Id*. at 123. This resulted in state criminal liability by "inaction or acquiescence" of the state government. *Id*. Analogizing to an Ohio case, we acknowledged the Supreme Court of Ohio in recognizing that "'the revisers of the book could create and define the offense, a power which belongs to the legislative body, and cannot be delegated.'" *Id*. (quoting *State v. Emery*, 55 Ohio 364, 370, 45 N.E. 319 (1896)).

The same is true here because RCW 9A.44.128(10)(h) applies whenever a person "*would be required* to register as a sex offender." (Emphasis added.) Thus, because Arizona can revise "the book" of crimes that require registration, Batson's duty to register in Washington depends entirely on whether Arizona law imposes a duty to register in the future. Consequently, Batson's ongoing duty to register and report in Washington depends entirely on the shifting winds of Arizona law, which may freely rescind or subsequently reimpose this obligation without any intervening judgment from the Washington Legislature.

However, the majority claims that this case is more like *Diversified*, where a legislature may "'[c]ondition[] the operative effect of a statute upon the happening of

a future specified event' and this is 'distinguish[able] from a statute which attempts to adopt future federal law.'" Majority at 6 (quoting *Diversified*, 113 Wn.2d at 28). The majority then goes on to claim that RCW 9A.44.128(10)(h) addresses a "'future specified event,'" but nowhere do they state what the "future specified event" is. This is because there is no future specified event either in the statute or contemplated by the legislature.

In *Diversified*, the "future specified event" was if a federal agency determined that a Washington statute was in conflict with federal law, jeopardizing federal funding. 113 Wn.2d at 22. Then, the Washington secretary of the Department of Social and Health Services can declare the Washington statute inoperative, promulgate interim rules, and submit them at the next session of the Washington Legislature. *Id.* There, the statute specifically defines the future event that starts the chain of events— a direct conflict between federal and state law. Further, there is required action by the State once the future specified event occurs. Federal law is not automatically and unconditionally incorporated into Washington law—but, rather, a duly delegated Washington official "'may adopt such rules'" as necessary and "'shall submit to the next regular session of the legislature a summary of the specific rule changes made and recommendations for statutory resolution of the conflict.'" *Id*. at 24 (quoting RCW 74.46.840).

This review process and future specified event distinguishes *Diversified* from

8

the fatal flaw in *Dougall*, where future changes in the federal rules controlled state criminal law through the "inaction or acquiescence" of the Washington legislature. *Dougall*, 89 Wn.2d at 123. "[I]n *State v. Dougall*, 89 Wn.2d 118, 570 P.2d 135 (1977), the Legislature permitted future federal designation of drugs to be determinative of those drugs which would be proscribed by state law." *Diversified*, 113 Wn.2d at 28. Without any type of review or action, but only inaction, "[t]he power of the State Legislature to determine which particular drugs would be controlled substances under the state statute was transferred to the federal government," and such a transfer is unconstitutional. *Id*. This is precisely what occurred here for Mr. Batson. Future changes in Arizona's registration requirements become controlling in Washington through pure inaction and acquiescence, and without review.

Applying *Diversified* here, there is no clear future specified event that the legislature determined would condition the operative effect of this statute. Instead, this case is controlled by *Dougall* because the legislature permitted future Arizona designations of certain sex offenses as requiring registration to be determinative of those individuals who can be criminally prosecuted. In doing so, there is no "future specified event" defined by the legislature like the conditional inoperability provision in *Diversified*. Instead, this statute anticipates the legislature's "inaction or acquiescence" in adopting Arizona's legislation, which may change from year to year,

9

without any intervening action. If this statute adopted Arizona's designation at a stated period of time (like the "laws of 2020"), or included a provision similar to *Diversified*, where there is an intervening determination by a duly delegated Washington official and the legislature, my concerns would most likely be alleviated. But that is not the case, and we should not ignore it.

CONCLUSION

In 2012, Mr. Batson was convicted in Washington for failing to register for a sex offense based on the 1984 conviction. The conduct underlying the 1984 conviction would not be a sex offense requiring registration had it been committed in Washington. Yet, because the legislature chose to delegate what constitutes a sex offense that requires registration to foreign jurisdictions, the residents of Washington State are no longer governed by the laws of our state. Instead, the shifting winds of Arizona are allowed to unconstitutionally define and determine whether a Washington resident will be exposed to criminal liability. Because allowing Arizona or any foreign jurisdiction to have limitless power to expand or foreclose elements of a crime, and the resulting criminal liability of Washington residents is unconstitutional, I respectfully dissent.

 

_____
Owens, J.

 

_____
Gordon McCloud, J.

 

_____
Wiggins, J.P.T.