**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53013-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CYRUS NELSON PLUSH, II, | |
| Appellant. | |

MAXA, J. – Cyrus Plush appeals his 2016 conviction of failure to register as a sex offender and the imposition of certain legal financial obligation (LFO) provisions. This court previously affirmed Plush's conviction on appeal, but the court remanded for resentencing. This appeal arises from the trial court's entry of the judgment and sentence following resentencing.

We hold that (1) Plush is precluded from challenging his conviction based on the ex post facto clause and double jeopardy or any issues raised in his statement of additional grounds (SAG) in this appeal because those issue were not raised in his first appeal, and (2) the case should be remanded for the trial court to address LFO issues. Accordingly, we affirm Plush's conviction and remand for the trial court to consider imposition of the DNA collection fee and community custody supervision fees as determined by the Department of Corrections (DOC) and to strike the interest provision regarding nonrestitution LFOs.

FACTS

In 2016, Plush was convicted after a jury trial of failure to register as a sex offender. Plush appealed his conviction and sentence. In an unpublished opinion, this court affirmed the

conviction but remanded for resentencing because the State failed to introduce sufficient evidence to prove Plush's criminal history for purposes of determining his offender score. *State v. Plush*, No. 49104-4, slip op. at 1 (Wash. Ct. App. Mar. 27, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2049104-4-II%20Unpublished%20Opinion.pdf. The Supreme Court denied Plush's petition for review. *State v. Plush*, 191 Wn.2d 1008, 424 P.3d 1220 (2018). This court entered a mandate terminating review.

On remand, the trial court conducted a new sentencing hearing in November 2018. The court entered a judgment and sentence imposing a period of confinement. The court also imposed LFOs, including a $100 DNA collection fee and community custody supervision fees as determined by DOC. At the end of the judgment and sentence was a typewritten notation that "[a]ll non-mandatory fines and fees are waived as the Defendant is indigent." Clerk's Papers (CP) at 35. The judgment and sentence also contained a provision stating that LFOs would accrue interest until paid.

Plush appeals his conviction and certain LFO provisions.

## ANALYSIS

A.  CHALLENGE TO CONVICTION

Plush argues that we should reverse his conviction of failure to register as a sex offender because the conviction violates the constitutional prohibitions of ex post facto laws and against double jeopardy.[1] We conclude that Plush cannot challenge his 2016 conviction in this appeal because these issues were not raised in his first appeal.

---

[1] Although he recognized that current law does not support his claims, Plush noted in his briefs that the Supreme Court might address these issues in the near future. However, the court in *State v. Batson* remanded for the Court of Appeals to determine whether sex offender registration requirements violate the prohibition of ex post facto laws and double jeopardy. 196 Wn.2d 670, 677, 478 P.3d 75 (2020).

"The general rule is that a defendant is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal." *State v. Fort*, 190 Wn. App. 202, 233, 360 P.3d 820 (2015); *see also State v. Sauve,* 100 Wn.2d 84, 87, 666 P.2d 894 (1983); *State v. Mandanas*, 163 Wn. App. 712, 716, 262 P.3d 522 (2011).[2] This rule applies even if the new issue involves a constitutional claim. *Fort*, 190 Wn. App. at 234. New issues must be raised in a personal restraint petition. *Id.*

Here, Plush could have raised his ex post facto and double jeopardy claims in the first appeal, but did not. This court affirmed his conviction, a mandate was issued, and the case was remanded for resentencing only. Therefore, Plush is precluded from raising these claims in his second appeal.

Plush argues that the prohibition against raising new issues applies only to "clear and obvious" issues that could have been raised in the first appeal, citing *Sauve* and *Fort*. But neither case limited the general rule to clear and obvious issues or even used the term "clear and obvious." *Sauve*, 100 Wn.2d at 87; *Fort*, 190 Wn. App. at 233-34. Plush also cites *State v. Barberio*, 121 Wn.2d 48, 52, 846 P.2d 519 (1993), which does use the term "clear and obvious." But the court in *Barberio* did not limit application of the general rule to clear and obvious issues. *See id.*

Plush also invokes the rule that an appellate court has the discretion to revisit an issue decided in an earlier appeal where justice would be served. RAP 2.5(c)(2). This rule is an exception to the law of the case doctrine, and can be applied when there has been an intervening change in the law between two appeals. *State v. Schwab*, 163 Wn.2d 664, 672-73, 185 P.3d 1151

---

[2] Similarly, the doctrine of res judicata precludes a defendant from raising a new issue on remand to the trial court. *Fort*, 190 Wn. App. at 228-29.

(2008). However, this court in Plush's first appeal did not decide whether his conviction violated the ex post facto clause or double jeopardy because Plush did not raise those issues. *See Plush*, slip op at 2-4. Therefore, the prohibition against raising new issues on appeal applies here. *Fort*, 190 Wn. App. at 233.

We hold that Plush is precluded from challenging his conviction based on the ex post facto clause or double jeopardy in this appeal.

B.      CHALLENGE TO LFO PROVISIONS

Plush argues that the trial court erred in imposing a DNA collection fee, supervision fees, and interest on nonrestitution LFOs. We remand for the trial court to consider imposition of the DNA collection fee and supervision fees and to strike the interest provision.

1.      Failure to Challenge LFOs in First Appeal

Initially, the State argues that Plush should be barred from challenging the LFO provisions in the 2018 judgment and sentence because he failed to challenge the same provisions in the 2016 judgment and sentence in his first appeal.

But Plush now is appealing a new judgment and sentence that replaced the 2016 judgment and sentence. A remand for resentencing vacates the original sentence and results in a new final judgment that is appealable as a matter of right. *State v. Delbosque*, 195 Wn.2d 106, 126, 456 P.3d 806 (2020). It is immaterial that the trial court here ultimately imposed the same terms as the original sentence. *See* RAP 2.5(c)(1) (stating that an appellate court can review a trial court decision properly before the court "even though a similar decision was not disputed in an earlier review of the same case"). As a result, we address Plush's LFO claims.

2.    DNA Collection Fee

Plush argues that the trial court erred in imposing the $100 DNA collection fee because he already had given a DNA sample to the State after being convicted of several felonies in the past. The State states that it has no information as to whether Plush previously provided a DNA sample.

RCW 43.43.7541 now provides that a DNA collection fee no longer is mandatory if the offender's DNA previously has been collected because of a prior conviction. *See State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). The record shows that Plush had several prior felony convictions, and RCW 43.43.754(1)(a) requires that DNA be collected from a person convicted of a felony. But the record does not show whether Plush's DNA previously was collected. Because the State does not concede this issue, we remand for the trial court to address the imposition of the DNA collection fee under RCW 43.43.7541.

On remand, the State will have the burden of proving that Plush's DNA has not previously been collected because of a prior conviction. *State v. Houck*, 9 Wn. App. 2d 636, 651 n.4, 446 P.3d 646 (2019), *review denied*, 194 Wn.2d 1024 (2020).

3.    Community Custody Supervision Fees

Plush argues that supervision fees must be stricken because the trial court intended to waive all discretionary fees. We conclude that the record is unclear whether the trial court intended to impose supervision fees.

RCW 9.94A.703(2)(d) provides that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the department." Supervision fees are considered discretionary LFOs because they are waivable by the trial court. *State v. Spaulding*, 15 Wn. App. 2d 526, 536,476 P.3d 205 (2020).

However, because supervision fees do not constitute "costs" under RCW 10.01.160(3), they can be imposed even if the defendant is indigent. *Id.* at 536-37.

Here, the judgment and sentence section regarding community custody imposed supervision fees as determined by DOC as a condition of community custody. However, at the end of the judgment and sentence was a statement that "[a]ll non-mandatory fines and fees are waived as the Defendant is indigent." CP at 35. Because the imposition of supervision fees is discretionary, this statement is inconsistent with the trial court's imposition of such fees.

The record does not show whether the trial court intended to impose supervision fees. Accordingly, we remand for the trial court to consider in its discretion whether to impose supervision fees.

### 4. Interest Accrual Provision

Plush argues that the interest accrual provision for nonrestitution LFOs must be stricken under RCW 3.50.100(4)(b). RCW 10.82.090(1) states, "As of June 7, 2018, no interest shall accrue on nonrestitution legal financial obligations." The trial court entered Plush's judgment and sentence in November 2018. Therefore, we remand for the trial court to strike the interest accrual provision regarding nonrestitution LFOs and any nonrestitution interest that has accrued.

### C. SAG CLAIMS

Plush makes several assertions in his SAG. However, they all relate to his conviction, not to his resentencing. As discussed above, Plush is precluded from raising issues that were or could have been raised in his first appeal. *Fort*, 190 Wn. App. at 233. Therefore, we reject Plush's SAG assertions.

## CONCLUSION

We affirm Plush's conviction of failure to register as a sex offender and remand for the trial court to consider imposition of the DNA collection fee and community custody supervision fees and to strike the interest provision regarding nonrestitution LFOs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
SUTTON, A.C.J.

_____
CRUSER, J.