IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78341-6-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| BENJAMIN BATSON, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

ANDRUS, A.C.J. — Benjamin Batson challenges his 2017 conviction for failing to register as a sex offender. In August 2019, this court reversed the conviction, concluding RCW 9A.44.128(10)(h) was an unconstitutional delegation of legislative authority. State v. Batson, 9 Wn. App. 2d 546, 447 P.3d 202 (2019). On December 24, 2020, the Washington Supreme Court reversed this holding and remanded Batson's case to this court to consider his other challenges. State v. Batson, __ Wn.2d __, 478 P.3d 75 (2020).

In addition to the issue resolved by the Supreme Court, Batson claims the duty to register under RCW 9A.44.128(10)(h) violates the prohibition on ex post facto laws, double jeopardy, the Equal Protection Clause of the United States Constitution, and privileges and immunities clause of the Washington State

Citations and pin cites are based on the Westlaw online version of the cited material.

Constitution.  We conclude Batson has not established any constitutional violations and affirm his conviction.[1]

FACTS

In 1984, Batson was convicted in an Arizona court of two counts of sexual conduct with a minor and ordered to register as a sex offender for life.  Batson, 478 P.3d at 76.

Batson moved to Washington before April 2009.  Id.  At the time, the State required individuals to register as sex offenders only if their out-of-state conviction would have been classified as a sex offense in Washington.  Id.  Because Batson's Arizona conviction arose from sexual conduct with a sixteen-year-old, his offense would not have been a crime in Washington.  Id.

In 2010, the state legislature amended the state registration statute to require registration for any felony or out-of-state conviction for an offense for which the person would be required to register while residing in the state of conviction. LAWS OF 2010, ch. 267, § 1(6)(d); RCW 9A.44.128(10)(h).  This change required Batson to register as a sex offender in Washington because he would have been required to register had he been living in Arizona.  Batson, 478 P.3d at 76.

Batson was convicted in 2018 for failing to register between August 2016 and November 2017.  Id.

---

[1] Batson also challenges a $100 DNA collection fee.  The State concedes that Batson should not be required to pay the $100 DNA fee in light of State v. Ramirez, 191 Wn.2d 732, 426 P.3d 714 (2018).  We remand the case to the trial court solely for purpose of striking the $100 DNA fee from Batson's judgment and sentence.

ANALYSIS

Standard of Review

Batson raises a number of constitutional challenges to the registration statute. We review a statute's constitutionality de novo. State v. Bassett, 192 Wn.2d 67, 77, 428 P.3d 343 (2018). Statutes are presumed constitutional, and the defendant has the burden of proving otherwise. Id.

Ex Post Facto Violation

Batson argues that requiring him to register violates the prohibition on ex post facto laws. He claims that the registration statute is excessively burdensome to individuals lacking a "fixed residence," and that, by imposing registration requirements on him retroactively, the state legislature has increased his punishment for the underlying sex offense.

"The ex post facto clauses of the federal and state constitutions forbid the State from enacting any law which imposes punishment for an act which was not punishable when committed or increases the quantum of punishment annexed to the crime when it was committed." State v. Ward, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994). A law violates the ex post facto clauses of the federal and state constitutions if: (1) the law is substantive, as opposed to "merely procedural;" (2) the law is retrospective, meaning it applies to events occurring before its enactment; and (3) the law "disadvantages" the person affected by it. Id. at 498 (quoting In re Powell, 117 Wn.2d 175, 185, 814 P.2d 635 (1991)). All three factors must be present for a violation of ex post facto prohibitions. Id. at 510-11.

Our Supreme Court in Ward assumed the sex offender registration requirements are substantive, not procedural. Id. at 498. Additionally, it concluded the law is retrospective because it was passed in 2010 and Batson was convicted in 1984. The State concedes that Batson has met these two elements of the test.

At issue, however, is whether Batson is "disadvantaged" by the registration statute. "The sole determination of whether a law is disadvantageous is whether the law alters the standard of punishment which existed under prior law." State v. Boyd, 1 Wn. App. 2d 501, 507, 408 P.3d 362 (2017) (internal quotation marks omitted) (quoting Ward, 123 Wn.2d at 498). "While the requirement to register as a sex offender may indeed be burdensome, the focus of the inquiry is whether registration constitutes punishment." Ward, 123 Wn.2d at 499.

In Ward, our Supreme Court concluded the sex offender registration requirements in effect at the time were not a criminal punishment and therefore did not violate the ex post facto prohibition. Id. at 510-11. It reasoned that the purpose of the statute was to assist local law enforcement in protecting their communities, and was not intended to be punitive in nature. Id. at 499. It also concluded that the actual effect of the statute was not so punitive in nature as to negate this regulatory intent. Id. at 499-500.

Batson asks us to revisit Ward because "the sex offender registration law evaluated by the Ward court in 1994 imposed very different burdens on registrants than the modern-day version imposes on Mr. Batson." He maintains that the current registration statute imposes significant burdens on individuals lacking a fixed residence, like Batson, unlike the statute under review in Ward.

Division Two of this court rejected the same argument in 2011. State v. Enquist, 163 Wn. App. 41, 45, 256 P.3d 1277 (2011) (transient offender registration requirements do not violate ex post facto prohibition), review denied, 173 Wn.2d 1008 (2012). Division One did so in 2017. Boyd, 1 Wn. App. 2d at 510.

Batson's arguments are no different than those rejected in Enquist and Boyd. Batson relies on the dissent in Boyd to argue that "it is time to reconsider the ex post facto analysis of the statute in light of the changes since Ward." Id. at 528 (Becker, J., dissenting). While we may agree with many of the policy arguments articulated in the dissent, these same arguments were previously rejected by this court and our Supreme Court has refused to accept review each time. See State v. Smith, No. 69621-1-I, slip op. at 4-5 (Wash. Ct. App. Aug. 18, 2014) (unpublished), https://www.courts.wa.gov/opinions/pdf/696211.pdf (noting that the Supreme Court denied review in Enquist and that "[t]he supreme court, not this court, is the proper court to 'reexamine' Ward"), review denied, 182 Wn.2d 1015 (2015).

As the Supreme Court recently instructed "[w]herever possible, it is the duty of this court to construe a statute so as to uphold its constitutionality." Batson, 478 P.3d at 77 (quoting State v. Abrams, 163 Wn.2d 277, 282, 178 P.3d 1021 (2008)). We therefore follow the Supreme Court's holding in Ward and our prior decisions in Enquist and Boyd and conclude the sex offender registration requirements do not violate the prohibition on ex post facto laws because they are not punitive in nature.

Double Jeopardy

Batson next argues that the sex offender registration requirement violates the double jeopardy clauses of the Fifth Amendment to the United States Constitution and article I, § 9 of the Washington State Constitution.

The constitutional guaranty against double jeopardy protects a defendant against multiple punishments for the same offense. State v. Noltie, 116 Wn.2d 831, 848, 809 P.2d 190 (1991). But the double jeopardy clause does not prohibit the imposition of all sanctions that could, in common parlance, be described as punishment. Hudson v. United States, 522 U.S. 93, 98-99, 118 S. Ct. 488, 139 L. Ed. 2d 450 (1997). It only proscribes the imposition of multiple criminal punishments for the same offense. Id. at 99.

To determine whether a sentencing requirement is sufficiently punitive to trigger the double jeopardy protections, we apply a two-part test. State v. Medina, 180 Wn.2d 282, 293, 324 P.3d 682 (2014). First, we ask whether the government intended the registration requirements to be punitive. Id. If not, then we ask whether the requirements' purpose or effect is nevertheless so punitive as to negate the nonpunitive intent. Id. The parties agree this test is the same as we apply in an ex post facto challenge.

Because the Supreme Court held in Ward that sex offender registration requirements were not intended to be punitive and we previously concluded in Enquist and Boyd that the purpose or effect of the transient offender registration requirements are not so punitive as to negate any nonpunitive intent, we reject Batson's double jeopardy challenge.

Equal Protection

Batson finally argues that requiring him to register as a sex offender violates his right to equal protection.

The equal protection clause of the Fourteenth Amendment to the United States Constitution and the privileges and immunities clause of article I, §12 of the Washington State Constitution "require similar treatment under the law for similarly situated persons." Ward, 123 Wn.2d at 515. "Where persons of different classes are treated differently, there is no equal protection violation." Id. The two clauses "are substantially identical and have been considered by this court as one issue." Am. Network, Inc. v. Wash. Utilities & Transp. Comm'n, 113 Wn.2d 59, 77, 776 P.2d 950 (1989).

"Where the [constitutional] challenge does not involve a suspect class and the right at issue is not a fundamental right, we utilize the rational basis test." State v. Mathers, 193 Wn. App. 913, 925, 376 P.3d 1163 (2016). Sex offenders are not a suspect class for purposes of equal protection review. Ward, 123 Wn. App. at 516. The parties agree that rational basis is the appropriate level of scrutiny.

Under the rational basis test, "the law being challenged must rest upon a legitimate state objective, and the law must not be wholly irrelevant to achieving that objective." State v. Coria, 120 Wn.2d 156, 169, 839 P.2d 890 (1992). When evaluating equal protection challenges under the rational basis test, we look at three factors: (1) whether the classification applies to all members within the designated class alike, (2) whether some rational basis exists for reasonably distinguishing between those within the class and those outside the class, and (3)

whether the challenged classification bears a rational relation to the purpose of the challenged statute. Morris v. Blaker, 118 Wn.2d 133, 149, 821 P.2d 482 (1992). Under this deferential standard, legislation is presumed to be rational and the challenger bears "the heavy burden of negating every conceivable basis which might support the legislation." King County Dep't of Adult and Juvenile Det. v. Parmelee, 162 Wn. App. 337, 359, 254 P.3d 927 (2011).

Batson argues that imposing a registration requirement on individuals with out-of-state sex offense convictions based on conduct that is not criminal in Washington is not rationally related to any legitimate government interest. We disagree. First, the legislature reasonably could have wanted to deter individuals convicted of sex offenses from moving to this state simply to avoid the registration requirements of the state of conviction. Second, the legislature could have determined that someone unwilling to abide by laws regarding the age of consent pose a danger to the community.

Finally, the legislature could have concluded that the former statute, requiring registration only for those convicted of "comparable" Washington offenses was too difficult to administer. In State v. Howe, 151 Wn. App. 338, 212 P.3d 565 (2009), Division Two reversed a failure to register conviction after concluding a California conviction for lewd acts against a child was not comparable to any Washington crime. In State v. Werneth, 147 Wn. App. 549, 197 P.3d 1196 (2008), Division Three reversed a similar conviction, holding that a Georgia conviction for child molestation was not comparable to any Washington offense. Both Howe and Werneth were decided before the legislature passed the 2010

amendment to RCW 9A.44.128(10)(h), which effectively eliminates the need for such a comparability analysis.

Batson has thus failed to meet his burden of negating "every conceivable basis" for requiring an individual required to register in the state of conviction to register here. We therefore reject Batson's equal protection challenge to the sex registration statute.

We affirm Batson's conviction but remand the case to the trial court for the sole purpose of striking the DNA fee from the judgment and sentence.

Andrus, A.C.J.

WE CONCUR: