# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59156-1-II |
| Respondent, | |
| v. | |
| DANIEL JAMES GILMORE, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Daniel Gilmore appeals his conviction of second degree unlawful possession of a firearm. The conviction was based on Gilmore's prior nonviolent felony of second degree malicious mischief.

We hold that (1) Gilmore's conviction for second degree unlawful possession of a firearm based on an underlying nonviolent felony does not violate the Second Amendment to the United States Constitution as applied to him, and (2) the trial court must reconsider imposition of the crime victim penalty assessment (VPA) imposed in his judgment and sentence. Accordingly, we affirm Gilmore's conviction, but we remand for the trial court to assess Gilmore's indigency and to reconsider imposition of the VPA.

FACTS

After an incident in December 2022, the State charged Gilmore with second degree assault with a deadly weapon, two counts of second degree unlawful possession of a firearm, and possessing a stolen firearm. For the unlawful possession of a firearm charges, the State alleged that Gilmore had an underlying felony offense of second degree malicious mischief. The State later amended the information and only charged Gilmore with one count of second degree assault with a deadly weapon and one count of second degree unlawful possession of a firearm.

Before trial, Gilmore stipulated that he had a prior felony conviction of second degree malicious mischief. Gilmore did not argue in the trial court that a conviction on the second degree unlawful possession of a firearm would violate the Second Amendment.

The jury convicted Gilmore of second degree unlawful possession of a firearm but could not reach a unanimous verdict on the assault charge. At sentencing in January 2024, the trial court imposed a $500 VPA as part of Gilmore's sentence. The judgment and sentence stated that the VPA was mandatory. Gilmore did not object to imposition of the VPA. The court did not check either of the boxes on the judgment and sentence identifying Gilmore as indigent or not indigent.

Gilmore appeals his conviction of second degree unlawful possession of a firearm and the imposition of the VPA.

ANALYSIS

A.    SECOND AMENDMENT CLAIM

Gilmore argues that his conviction for second degree unlawful possession of a firearm based on his prior conviction for a nonviolent felony violates the Second Amendment as applied to him. We disagree.

1.    Waiver of Claims

Initially, the State argues that Gilmore waived his Second Amendment claim because he did not raise it in the trial court.  We disagree.

RAP 2.5(a) permits us to decline to address issues on appeal that were not raised in the trial court.  But under RAP 2.5(a)(3), a party may raise an issue for the first time on appeal for a "manifest error affecting a constitutional right."  An error is manifest if the appellant shows actual prejudice.  *State v. J.W.M.*, 1 Wn.3d 58, 90-91, 524 P.3d 596 (2023).  "Being charged and convicted under an unconstitutional statue is a manifest error effecting a constitutional right."  *State v. Koch*, 34 Wn. App. 2d 232, 236, 567 P.3d 653 (2025).

In *Koch*, this court chose to address an as applied Second Amendment claim raised for the first time on appeal under RAP 2.5(a)(3).  *Id.*  The court noted that if the defendant's conviction violated the Second Amendment, the remedy would be to vacate the conviction and dismiss the charge.  *Id.*  Therefore, being convicted under an unconstitutionally applied statute would actually prejudice the defendant and would constitute manifest error.  *Id.*

This case nearly is identical to *Koch*.  Gilmore challenges his unlawful possession of a firearm conviction under the Second Amendment because his prior felony was nonviolent.  And if Gilmore were successful on his claim, the charge would be dismissed, meaning Gilmore can show actual prejudice.  Accordingly, we conclude that Gilmore did not waive his Second Amendment claim.[1]

---

[1] The State also argues that the collateral bar rule prevents Gilmore from challenging his conviction because in reality he is seeking to challenge the underlying felony that stripped him of his firearm rights.  But Gilmore is not challenging the constitutionality of the underlying felony conviction that stripped him of his firearm rights.  Rather, he argues that the nature of his underlying felony makes his *current* conviction for unlawful possession of a firearm unconstitutional as applied to him.  Therefore, the collateral bar rule is inapplicable.

2.    Legal Principles

We review the constitutionality of a statute de novo.  *State v. Batson*, 196 Wn.2d 670,

674, 478 P.3d 75 (2020).  Statutes are presumed to be unconstitutional.  *Id.*

RCW 9.41.040(2)(a)(i)(A) states that a person is guilty of second degree unlawful

possession of a firearm if the person "owns, accesses, has in the person's custody, control, or

possession, or receives any firearm." after being convicted of a felony that is not a "serious

offense" under the first degree unlawful possession of a firearm statute.  Second degree

malicious mischief is a class C felony and not a "serious offense."  RCW 9A.48.080(2); RCW

9.41.010(42).  It also is a nonviolent offense.  RCW 9.94A.030(33), (48).

The Second Amendment states, "A well regulated Militia, being necessary to the security

of a free State, the right of the people to keep and bear Arms, shall not be infringed."  The

Second Amendment is incorporated to the states through the due process clause of the Fourteenth

Amendment.  *McDonald v. Chicago*, 561 U.S. 742, 777-78, 130 S. Ct. 3020, 177 L. Ed. 2d 894

(2010).  If the Second Amendment applies to a person, we analyze the claim using the two step

test from *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1, 24, 142 S. Ct.

2111, 213 L. Ed. 2d 387 (2022).  That test asks (1) whether the plain text of the Second

Amendment covers the person's conduct, and (2) if so, the government bears the burden of

"justify[ing] its regulation by demonstrating that it is consistent with the Nation's historical

tradition of firearm regulation."  *Id.*

3.    Analysis

In *Koch*, this court addressed the constitutionality of RCW 9.41.040(1)(a) under facts

similar to this case.  34 Wn. App. 2d at 236.  As in this case, Koch was charged with second

degree unlawful possession of a firearm under RCW 9.41.020(2)(a)(i)(A) based on prior

nonviolent felonies. *Id*. at 235. The court held that the Second Amendment does not protect convicted felons, including people convicted of nonviolent felonies. *Id.* at 242, 244.

The holding in *Koch* was based on the United States Supreme Court's statements that longstanding prohibitions on the possession of firearms by felons are presumptively lawful. *United States v. Rahimi*, 602 U.S. 680, 699, 144 S. Ct. 1889, 219 L. Ed. 2d 351 (2024); *District of Columbia v. Heller*, 554 U.S. 570, 626 & n.26, 128 S. Ct. 2783, 171 L. Ed. 2d 637 (2008); *see also Bruen*, 597 U.S. at 81 (Kavanaugh, J., concurring). In addition, the Supreme Court has stated that the Second Amendment applies to law-abiding citizens. *Bruen*, 597 U.S. at 31-32. Felons are not law-abiding citizens. *Koch*, 34 Wn. App. 2d at 243.

Three other Washington courts have reached the same conclusion as *Koch*. *State v. Olson*, 33 Wn. App. 2d 667, 683, 565 P.3d 128, *review denied,* 4 Wn.3d 1038 (2025); *State v. Bonaparte*, 32 Wn. App. 2d 266, 270-71, 554 P.3d 1245 (2024), *review denied,* 4 Wn.3d 1019 (2025); *State v. Ross*, 28 Wn. App. 2d 644, 646, 537 P.3d 1114 (2023), *review denied,* 2 Wn.3d 1026 (2024).[2]

We follow *Koch* and hold that the Second Amendment does not protect Gilmore because he is a felon and is not a law-abiding citizen. Therefore, we affirm Gilmore's conviction of second degree unlawful possession of a firearm.

---

[2] In *State v. Hamilton*, Division One of this court presumed that felons were among the people that the Second Amendment protected. 33 Wn. App. 2d 859, 870, 565 P.3d 595, *review granted*, 4 Wn.3d 1037 (2025). However, the court rejected the defendant's Second Amendment challenge to the prohibition against felons possessing firearms because "disarming those with felony convictions is demonstrably consistent with America's historic tradition of firearms regulation." *Id.* at 871.

B.      CRIME VICTIM PENALTY ASSESSMENT

Gilmore argues that the $500 VPA should be stricken from the judgment and sentence. The State argues that Gilmore waived this argument because the new VPA statute was in effect at the time Gilmore was sentenced and he did not object to imposition of the VPA.  We remand to the trial court to reconsider imposition of the VPA.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3).  For purposes of RCW 10.01.160(3), a defendant is indigent if they meet the criteria in RCW 10.101.010(3)(a)-(c).  In previous cases, we considered challenges to the VPA despite the absence of an objection in the trial court because sentencing occurred before the effective date of RCW 7.68.035(4).  *See State v. Ellis*, 27 Wn. App. 2d 1, 16-17, 530 P.3d 1048 (2023), *review granted*, 4 Wn.3d 1009 (2025).

Here, RCW 7.68.035(4) had been in effect for over six months when Gilmore was sentenced.  Defense counsel did not object.  Under RAP 2.5(a), we generally do not consider claims not raised in the trial court.

However, RAP 2.5(a) states that an appellate court "may" refuse to review a claim raised for the first time on appeal, which means that we have discretion to consider such claims.  And under RAP 1.2(c), we may "waive or alter the provision of any of these [RAPs] in order to serve the ends of justice."  "[A]ppellate courts 'regularly exercise their discretion to reach the merits of unpreserved LFO arguments' because LFOs can create a significant hardship for indigent defendants and severely hinder their reintegration into society."  *State v. Ortega*, 21 Wn. App. 2d 488, 498, 506 P.3d 1287 (2022) (quoting *State v. Glover*, 4 Wn. App. 2d 690, 693, 423 P.3d 290 (2018)).

Here, the trial court used an outdated judgment and sentence form that erroneously stated that the VPA was mandatory despite RCW 7.68.035(4), which states that the VPA no longer is mandatory. And the trial court did not address whether Gilmore was indigent under RCW 10.01.160(3) as required in RCW 7.68.035(4), even though the court previously had found that Gilmore was entitled to an attorney at public expense.

Defense counsel should have objected to the imposition of the VPA. But we exercise our discretion under RAP 2.5(a) and RAP 1.2(c) to address Gilmore's VPA challenge. We remand to the trial court to assess whether Gilmore is indigent under RCW 10.01.160(3) and to reconsider imposition of the VPA.

## CONCLUSION

We affirm Gilmore's conviction of second degree unlawful possession of a firearm, but we remand for the trial court to assess Gilmore's indigency and reconsider imposition of the VPA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

VELJACIC, A.C.J.

PRICE, J.